UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EDWARD CRESPO,<br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. ; ALDRIDGE PITE, LLP,<br>    Defendants. | ) CASE NO.: 0:18-cv-62030<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, EDWARD CRESPO ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, BANK OF AMERICA, N.A. and ALDRIDGE PITE, LLP ("Defendants"), and alleges the following:

**JURISDICTION, VENUE, PARTIES AND JURY DEMAND**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which is within this Honorable Court's original, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and for state law claims within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the Defendants regularly conduct business in Broward County, Florida, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

3. Plaintiff, at all times material to this lawsuit, is a resident of Broward County, Florida.

4. Defendant, BANK OF AMERICA, N.A. ("BOA"), is a national banking institution which does substantial and not isolated business in Broward County, Florida and/or otherwise within the jurisdiction of the Southern District of Florida.

1

5. Defendant, ALDRIDGE PITE, LLP, is a limited liability partnership of attorneys which does substantial and not isolated business in Broward County, Florida and/or otherwise within the jurisdiction of the Southern District of Florida.

6. Defendants are subject to personal jurisdiction in this District and in this Court pursuant to Florida Statutes §48.193, in that it conducts substantial and not isolated business within the Southern District of Florida and otherwise has sufficient contacts within Florida and this District upon which to support personal jurisdiction, and because subjecting them to personal jurisdiction in this District does not otherwise offend traditional notions of fair play and substantial justice.

7. **JURY DEMAND:** Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

8. Plaintiff has retained the undersigned law firm as his attorney in this action and is obligated to pay a reasonable attorneys' fee and all costs incurred in this action.

- **GENERAL ALLEGATIONS**

9. Plaintiff incurred a debt or obligation to pay money arising out of a transaction in which money, property, insurance or services, which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Specifically, Plaintiff incurred the debt in the purchase of real property located in Broward County, Florida, bearing the street address of 1945 Jackson Street, Hollywood (the "Property").

10. Upon information and belief, Defendant, BOA, is a third-party servicer of the note and mortgage on the Property and the reference loan is owned by Federal National Mortgage Association ("Fannie Mae").

11. At all times material hereto, Defendant had actual and/or constructive knowledge that Plaintiff was represented by legal counsel with respect to the relevant debt herein.

12. On or about August 8, 2018, Defendants sent correspondence *directly* to Plaintiff while knowing that he was represented by legal counsel with regard to the debt. Exhibit "A".

13. The correspondence was drafted by Defendant, ALDRIDGE PITE LLP, on behalf of, and with the consent and knowledge of, Defendant, BOA.

14. Said correspondence contains, *inter alia*, the loan number, the property address, the alleged principal balance, the alleged interest due, the alleged late charges due, the alleged total amount due, the person to whom the debt is allegedly owed (BOA), and clearly states that the communication "**is from a debt collector and is an attempt to collect a debt, and any information obtained will be used for that purpose.**" See Exhibit "A".

15. In the correspondence, Defendant misrepresents the nature and extent of the amounts due and owing and the creditor to whom the debt is owed, which is Fannie Mae, not BOA.

16. Plaintiff has been the subject of collection activity. The specific activity consists of communications sent to Plaintiff by Defendant at his home address listed above.

17. Defendant's, BOA's, principal business is the lending of funds, servicing of loans and the collection of debt, or is an entity who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due. Defendant is a "debt collector" as defined by Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p., and Florida Statute §559.55(7).

18. Defendant's, ALDRIDGE PITE LLP's, principal business is the lending of funds, servicing of loans and the collection of debt, or is an entity who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due. Defendant is a "debt

collector" as defined by Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p., and Florida Statute §559.55(7).

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) AGAINST BOA

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20. This is an action against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p. ("FDCPA").

21. Defendant, upon information and belief, is a debt collector within the meaning of the FDCPA, because it was the servicer of the note and mortgage on the Property.

22. The correspondence which is the subject of this action as represented by Exhibit "A" hereto, and that to be obtained through discovery, is correspondence within the meaning of 15 U.S.C. § 1692a(2), because it conveys information to Plaintiff regarding the mortgage loan debt.

23. By way of the correspondence in Exhibit "A," and that to be obtained during discovery, Defendant violated the following provisions of the FDCPA:

   a. FDCPA § 1692e(2)(A)'s prohibition against using the false representation of the character, amount or legal status of the debt. More specifically, upon information and belief, the correspondence sent to Plaintiff contained false and misleading information as to the amount due;

   b. FDCPA § 1692e(5)'s prohibition against using the threat to take an action that cannot legally be taken or that is not intended to be taken;

    c. FDCPA § 1692e(10)'s prohibition against the use of any false representation or deceptive means to collect any debt or to obtain information concerning the consumer; and

    d. FDCPA § 1692c(a)(2)'s prohibition against directly communicating with Plaintiff in connection with the collection of a consumer debt when Defendant knew, or should have known, Plaintiff is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

24. The actions of Defendant as alleged herein, and to be proven at trial, constitute a violation of the Fair Debt Collection Practices Act sufficient to warrant liability under 15 U.S.C. § 1692(k).

**WHEREFORE**, Plaintiff demands entry of judgment against Defendant, for actual damages, statutory damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3), pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) AGAINST ALDRIDGE PITE LLP

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

26. This is an action against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p. ("FDCPA").

27. Defendant, upon information and belief, is a debt collector within the meaning of the FDCPA, because it is a third-party who regularly collects or attempts to collecting debts owed or due, or asserted to be owed or due, another, as stated in Exhibit "A."

5

28. The correspondence which is the subject of this action as represented by Exhibit "A" hereto, and that to be obtained through discovery, is correspondence within the meaning of 15 U.S.C. § 1692a(2), because it conveys information to Plaintiff regarding the mortgage loan debt.

29. By way of the correspondence in Exhibit "A," and that to be obtained during discovery, Defendant violated the following provisions of the FDCPA:

   a. FDCPA § 1692e(2)(A)'s prohibition against using the false representation of the character, amount or legal status of the debt. More specifically, upon information and belief, the correspondence sent to Plaintiff contained false and misleading information as to the amount due and the creditor;

   b. FDCPA § 1692e(5)'s prohibition against using the threat to take an action that cannot legally be taken or that is not intended to be taken;

   c. FDCPA § 1692e(10)'s prohibition against the use of any false representation or deceptive means to collect any debt or to obtain information concerning the consumer; and

   d. FDCPA § 1692c(a)(2)'s prohibition against directly communicating with Plaintiff in connection with the collection of a consumer debt when Defendant knew, or should have known, Plaintiff is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

30. The actions of Defendant as alleged herein, and to be proven at trial, constitute a violation of the Fair Debt Collection Practices Act sufficient to warrant liability under 15 U.S.C. § 1692(k).

**WHEREFORE**, Plaintiff demands entry of judgment against Defendant, for actual damages, statutory damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3), pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA) AGAINST BOA

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

32. This is an action against Defendant for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq. ("FCCPA").

33. Defendant, upon information and belief, is a debt collector within the meaning of the FCCPA, because it was the servicer of the note and mortgage on the Property.

34. The correspondence which is the subject of this action as represented by Exhibit "A" hereto, and that to be obtained through discovery, comprises communication within the meaning of § 559.55(2), because it conveys information to Plaintiff regarding the mortgage loan debt.

35. By way of the correspondence in Exhibit "A," and that to be obtained during discovery, Defendant violated the following provisions of the FCCPA:

   e. §559.72(9)'s prohibition against claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate. More specifically, upon information and belief, the correspondence sent to Plaintiff contained false and misleading information as to the amount due and the creditor;

   f. §559.72(18)'s prohibition against communicating with Plaintiff when Defendant knew, or should have known, that the Plaintiff is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

36. The actions of the Defendant as alleged herein were accomplished with such intentional misconduct and/or gross negligence as to warrant an award of punitive damages to the maximum extent permitted by law based on the level of intent and knowledge of the Defendant.

**WHEREFORE**, Plaintiff demands entry of judgment against the Defendant, for actual damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to Florida Statutes § 559.77, pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA) AGAINST ALDRIDGE PITE LLP

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

38. This is an action against Defendant for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq. ("FCCPA").

39. Defendant, upon information and belief, is a debt collector within the meaning of the FCCPA, because it is a third-party who regularly collects or attempts to collecting debts owed or due, or asserted to be owed or due, another, as stated in Exhibit "A."

40. The correspondence which is the subject of this action as represented by Exhibit "A" hereto, and that to be obtained through discovery, comprises communication within the meaning of § 559.55(2), because it conveys information to Plaintiff regarding the mortgage loan debt.

41. By way of the correspondence in Exhibit "A," and that to be obtained during discovery, Defendant violated the following provisions of the FCCPA:

   g. §559.72(9)'s prohibition against claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate. More specifically,

upon information and belief, the correspondence sent to Plaintiff contained false and misleading information as to the amount due and the creditor;

h. §559.72(18)'s prohibition against communicating with Plaintiff when Defendant knew, or should have known, that the Plaintiff is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

42. The actions of the Defendant as alleged herein were accomplished with such intentional misconduct and/or gross negligence as to warrant an award of punitive damages to the maximum extent permitted by law based on the level of intent and knowledge of the Defendant.

**WHEREFORE**, Plaintiff demands entry of judgment against the Defendant, for actual damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to Florida Statutes § 559.77, pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

Dated June 5, 2018

Respectfully submitted,

**FARROW LAW, P.A.**

Attorneys for Plaintiff
4801 S. University Drive, Suite 132
Davie, Florida 33328
Telephone:   (954) 252-9818
Facsimile:   (954) 252-9821
jay@farrowlawfirm.com

BY: */s/Jay Lewis Farrow*
   JAY LEWIS FARROW, ESQ.
   Florida Bar Number: 625213

# Exhibit "A"

# ALDRIDGE | PITE
## LLP

3575 Piedmont Road NE
Suite 500
Atlanta, GA 30305
P: 404.994.7400
F: 888.246.7307

www.aldridgepite.com

August 8, 2018

Edward Crespo
1945 Jackson Street
Hollywood, FL 33020-5021

RE:  Property Address:  1945 Jackson Street, Hollywood, FL 33020-5021
     Loan Number:       870032825
     AP Matter ID:      1092-10169B

**This communication is from a debt collector and is an attempt to collect a debt, and any information obtained will be used for that purpose.**

Dear Borrower(s):

Please be advised that Bank of America has referred the above referenced loan to this firm and has further advised that the loan is now in default.

Pursuant to the Fair Debt Collection Practices Act, you are notified that:

Through August 31, 2018, the amount owed on the debt is $396,377.53. This amount consists of:

| **Principal Balance:** | $232,860.98 |
|---|---|
| **Interest:** | $89,973.69 |
| **Escrow Advance:** | $70,021.95 |
| **Late Charges:** | $236.75 |
| **Other Fees:** | $3,284.16 |

This balance will continue to accrue interest after August 31, 2018 at a rate of $42.2658 per day.

The creditor to whom the debt is owed is BANK OF AMERICA, N.A.

Unless you dispute the validity of the debt or any portion of it within thirty (30) days after receipt of this notice, this firm will assume the debt to be valid.

If you notify this firm in writing within thirty (30) days after receipt of this notice that you dispute the debt or any portion of it, this firm will obtain verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you.

If you request in writing within thirty (30) days after receipt of this notice the name and address of the original creditor, this firm will provide you this information if different from the current creditor.



P.O. Box 17933
San Diego, CA 92177
FIRST CLASS
1092-10169B



Mailed On: 8/8/2018
Doc ID: 1984517

Edward Crespo
1945 Jackson Street
Hollywood, FL 33020-5021

